UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 21-cv-909<br>)<br>) |
| **DISCOUNT QUICK MART, INC.** d/b/a **DISCOUNT GAS**; **STOP N GO OPERATING, INC.;** and **SAEED SHEIKH**, an individual, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin and restrain **DISCOUNT QUICK MART, INC.** d/b/a **DISCOUNT GAS,** (hereinafter "**DISCOUNT QUICK MART**"), **STOP N GO OPERATING, INC.** (hereinafter "**STOP N GO OPERATING**") and **SAEED SHEIKH**, an individual, (collectively "Defendants") from violating the provisions of sections 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq*.) (the "Act"), pursuant to section 17 of the Act. 29 U.S.C. § 217.

### I.

Jurisdiction of this action is conferred upon the court by section 17 of the Act. 29 U.S.C. § 217.

### II.

(a) Defendant, **DISCOUNT QUICK MART**, is a Wisconsin corporation with a main office and place of business at 8334 W. Appleton Avenue, Milwaukee, Wisconsin 53218, in

1

Milwaukee County, which is within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged in operating a 24-hour gas station and convenience store.

(b) Defendant, **STOP N GO OPERATING**, is a Wisconsin corporation having its main office and place of business at 7609 W. Capitol Drive, Milwaukee, Wisconsin 53222, which is within the jurisdiction of this court, in Milwaukee County, and is, and at all times hereinafter mentioned was, engaged in operating a 24-hour gas station and convenience store.

(c) Defendant, **SAEED SHEIKH**, an individual, is, and at all times hereinafter mentioned, was part owner and operator of **DISCOUNT QUICK MART** actively supervising the day-to-day operations and management, setting pay, and hiring and firing, of **DISCOUNT QUICK MART** in relation to its employees. At all times hereinafter mentioned, **SAEED SHEIKH** is and was engaged in business within Milwaukee County at 8334 W. Appleton Avenue, Milwaukee, Wisconsin 53218, within the jurisdiction of this court. **SAEED SHEIKH** acted directly or indirectly in the interest of **DISCOUNT QUICK MART** in relation to its employees and is an employer under section 3(d) of the Act, 29 U.S.C. § 203(d).

(d) Defendant **SAEED SHEIKH**, an individual and part owner and operator of **STOP N GO OPERATING** is, and at all times hereinafter mentioned, was actively supervising the day-to-day operations and management, setting pay, and hiring and firing, of **STOP N GO OPERATING** in relation to its employees. At all times hereinafter mentioned, **SAEED SHEIKH** is and was engaged in business within Milwaukee County at 7609 W. Capitol Drive, Milwaukee, Wisconsin 53222, within the jurisdiction of this court. **SAEED SHEIKH** acted directly or indirectly in the interest of **STOP N GO OPERATING** in relation to its employees and is an employer under section 3(d) of the Act, 29 U.S.C. § 203(d).

**III.**

(a)     Defendant, **DISCOUNT QUICK MART**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act. 29 U.S.C. §203(r).

(b)     Defendant, **STOP N GO OPERATING**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act. 29 U.S.C. §203(r).

**IV.**

(a)     Defendant, **DISCOUNT QUICK MART**, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.  29 U.S.C. §203(s)(1)(A).

(b)     Defendant **STOP N GO OPERATING** at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times herein after mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or

3

produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. §203(s)(1)(A).

V.

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by regulations (29 C.F.R. § 516) issued by the United States Department of Labor. Records kept by Defendants failed to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek, with respect to many of their employees. Specifically, Defendants failed to keep and maintain records of the hours worked each workday and each workweek for all employees; records of daily or weekly earnings for all employees; records of total wages paid to all employees including cash payments; and employee information including employee's full names, addresses, occupation and shifts worked, dates of hire, and hourly rates or salaries.

VI.

During the period since September 14, 2018, Defendants have repeatedly violated the aforesaid provision of the Act. A judgment which enjoins and restrains such violation is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

a. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active

concert or participation with them from prospectively violating the provisions of sections 11 and 15 of the Act; and

    b.    For an Order granting such other and further relief as may be necessary or appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
Eighth Floor
230 S. Dearborn Street
Chicago, Illinois 60604
Telephone: (312) 353-6992
Email: faklis.lydia.j@dol.gov

s/ Lydia J. Faklis
**LYDIA J. FAKLIS**
Trial Attorney

Attorneys for **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, Plaintiff